IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF the residence of Falicia FARMER and Justin SELEY identified both as Apartment 2 & Apartment B JS Court, Craig, Alaska | Case No. 1:18-mj-00076-MMS |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Sarah L. Foreman, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the residence of Falicia FARMER and Justin SELEY identified both as Apartment 2 & Apartment B JS Court, Craig, Alaska (hereinafter SUBJECT PREMISES) and to seize things which constitue instrumentalities and evidence of violations of Title 18 U.S.C. §922(a)(6), §922(d)(1) and §922(g)(1).
2. I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since October 2009. As a Special Agent for the Bureau of ATF, I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia and Special Agent Basic Training for the ATF. Additionally, I have a Master's Degree in Public Administration with emphasis on Criminal Justice.
3. The statements contained in this affidavit are based on my own investigation, my training and experience as a law enforcement agent, as well as information provide to me by and/or through other law enforcement agents, investigators and individuals with knowledge of this matter, during the course of this investigation, and through my review of documents. This affidavit summarizes such information but does not provide each and every detail known by your affiant regarding this investigation, rather is provides

Page **1** of **4**

information necessary to establish probably cause for the search of the SUBJECT RESIDENCE.

## PROBABLE CAUSE

4. During the morning of July 19, 2018 Justin SELEY (hereafter referred to as SELEY), a convicted felon viewed firearms in the display case at Log Cabin Sporting Goods. That afternoon, SELEY returned to Log Cabin Sporting Goods with Falicia FARMER (hereafter referred to as FARMER). Mr. SELEY pointed to an item in the display case and FARMER completed the ATF Form 4473, used for a background check, to complete the firearm purchase transaction. Present for this was off duty Alaska State Trooper Luke Parrish.
5. Upon completion of the transaction, the employee, a new hire, contacted the business owner to ensure he completed the transaction properly. The owner reviewed the transaction and reported it to the Alaska State Troopers as a potential straw purchase as the owner is aware that SELEY is prohibited from possessing firearms.
6. SA Foreman ran SELEY's criminal history and found the following felony convictions:

| Case Number | Convicted Charges | Conviction Date |
|---|---|---|
| 1CR-12-140CR | Assault 3 | 03/21/2014 |
| 1CR-07-314CR | Burglary 2 and Criminal Mischief 3 | 11/04/2008 |

7. SA Foreman requested the ATF Form 4473 completed by FARMER for that transaction along with any other ATF Form 4473s recently completed by FARMER for other firearm purchases from Log Cabin Sporting Goods. SA Foreman received four ATF Form 4473s that detail the following purchases:

| Date | Purchased Item |
|---|---|
| 07/19/2018 | Pistol, Sig Sauer, Model: SP2022, Cal: 9mm, Serial #: 24B347890 |
| 06/16/2018 | Pistol, Springfield, Model: Saint AR-15, Cal: 5.56, Serial #: ST126161 |
| 04/16/2018 | Receiver, DSA Inc., Model: EM4, Cal: 5.56, Serial #: DSF022144 |
| 12/16/2017 | Rifle, Savage, Model: 111, Cal: .270, Serial #: J909454 |

8. SA Foreman queried the social media platform Facebook and found profiles for both FARMER and SELEY. FARMER's profile shows she has been in a relationship with SELEY since August 11, 2015.
9. An entry in the Alaska Correctional Offender Management System (ACOMS) from February 3, 2016 lists SELEY as living with his girlfriend, FARMER, and her two children.

10. Contact with both the Alaska State Troopers and Craig Police Department confirmed the couple resides together. AST Trpr Parrish described the location as the rear of two buildings off JS Street directly in line with Achten Court. Chief Ely pointed the building out on a map stating a dispatcher lives in the building with a green roof and the couple lives in the building next to it. The lighter colored roof attached is the front carport.
11. Based upon my training and experience, and the experience other ATF Special Agents, I know the following:

    a. That it is commonplace for people who obtain firearms to keep said firearms as personal property for extended periods of time. It is also common that persons maintain custody and control of said firearms within their residence, vehicles, on their property, or on their person for hunting purposes, target shooting, self-defense, and, sometimes, criminal activities. It is also my experience that persons who possess firearms usually possess other items related to firearms, such as: gun cases, ammunition, ammunition magazines, holsters, spare parts, cleaning equipment, photographs of firearms and documents, including receipts and other financial documents, relating to the purchase and/or ownership of these items.

    b. That it is commonplace for people who are prohibited from possessing firearms, who therefore cannot pass the NICS background check required at Federal Firearms Licensees, to utilize another person who can pass the NICS background check to unlawfully purchase firearms on their behalf.

    c. That pursuant to Title 18, U.S.C. § 922(g)(1) that persons convicted of a felony in which the punishment exceeds one year are prohibited from possessing a firearm or ammunition, as defined by Title 18, United States Code, Section 921(a), which have traveled in and affected interstate commerce.

    d. That pursuant to Title 18, U.S.C.,§ 922(a)(6) it is unlawful for any person in connection with the acquisition of any firearm or ammunition from a licensed dealer, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such dealer, with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

    e. That pursuant to Title 18, U.S.C. §922(d)(1) – It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing

or having reasonable case to believe that such person has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

## CONCLUSION

Based upon the information above, your affiant submits that there is probable cause to believe FARMER is in violation of Title 18 U.S.C. § 922(a)(6) and § 922(d)(1) and that SELEY is in violation of Title 18 U.S.C. § 922(g)(1) and is requesting a search warrant be granted authorizing the search of the SUBJECT PREMISES.

Respectfully submitted,

Sarah L. Foreman
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on October 12, 2018.

/S/ MATTHEW M. SCOBLE
U.S. MAGISTRATE JUDGE
SIGNATURE REDACTED

UNITED STATES MAGISTRATE JUDGE